**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ALAN KNAPP,**

                                **Plaintiff,**

    vs.                                                **3:10-CV-1218**
                                                               **(MAD/ATB)**

**MICHAEL ASTRUE, Commissioner of**
**Social Security,**

                                **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

PETER A. GORTON
1500 East Main Street
P.O. Box 89
Endicott, New York 13760
Attorney for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Alan Knapp moves for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 14).  The Commissioner has not opposed the motion.

**II.    BACKGROUND AND PROCEDURAL HISTORY**

On January 23, 2008, plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Social Security Income ("SSI").  (T. 85)[1].  Plaintiff's application was denied and an administrative hearing was held before an ALJ.  (T. 51-54).  On July 1, 2010, the ALJ issued a decision denying plaintiff's claim for benefits. (T. 11-18).  On September 21, 2010,

---

[1] "(T. )" refers to pages of the administrative transcript, Dkt. No. 8.

the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final determination of the Commissioner. (T. 1-3).  On October 13, 2010, plaintiff brought the above-captioned action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the Commissioner of Social Security's decision to deny his application for DIB and SSI benefits. (Dkt. No. 1).  Plaintiff moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  (Dkt. No. 10).  On May 4, 2011, the parties filed a Consent Order to Remand Pursuant to 42 U.S.C. § 405(g) for further administrative action. (Dkt. No. 12).  On May 5, 2011, this Court "So Ordered" the Consent Order.  (Dkt. No. 13).  On June 9, 2011, plaintiff filed the within motion seeking attorney's fees in the sum of $5,429.13.  (Dkt. No. 14).

### III.  DISCUSSION

The EAJA provides:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. 2412(d)(1)(A).  In order for a party to be awarded attorney's fees under the EAJA, the plaintiff must demonstrate that he or she: 1) is the prevailing party; 2) eligible to receive an award; 3) enumerate the amount sought; 4) show the rate at which fees were computed; and 5) allege that the position of the United States was not substantially justified.  *See* § 2412(d)(1)(B).

In this case, plaintiff claims that an EAJA award is available as:  (1) plaintiff's net worth did not exceed $2,000,000 at the time the action was filed; (2) plaintiff was a "prevailing party" in a case against the government; and (3) the position of the United States was not substantially justified.

> Courts have held that the substantially justified standard:
>
> [i]s intended to caution agencies to carefully evaluate their case and not to pursue those which are weak or tenuous. At the same time, the language of the section protects the government when its case, though not prevailing, has a reasonable basis in law and fact.

*Cohen v. Bowen*, 837 F.2d 582, 585 (quoting H.R.Rep. No. 96-1418, 96th Cong., 2d. Sess., 11 (1980), reprinted in 1980 U.S.C.C.A.N. 4993); *see also Henriquez v. Chater*, 1997 WL 45351, at *1 -2  (S.D.N.Y. 1997).   The party seeking attorney's fees must allege that the position of the Government was not "substantially justified".  *See Butts v. Astrue*, 565 F.Supp.2d 403, 406 (N.D.N.Y. 2008) (citing  28 U.S.C. § 2412(d)(1)(B)).  Once the plaintiff has done so, the burden shifts to the Commissioner to establish that its opposition was substantially justified.  *See Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir. 1999).  In order to determine whether the Government was "substantially justified, courts are to apply a standard of reasonableness".  *Green v. Bowen*, 877 F.2d 204, 207 (2d Cir. 1989) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).   The legislative history of the EAJA indicates that the substantial justification standard "should not be read to raise a presumption that the Government position was not substantially justified, simply because it lost the case".  *Cohen,* 837 F.2d at 585 (quoting cases and legislative history) (citations and internal quotation marks omitted).   However, the Government has the burden of proof on the substantial justification issue and a "strong showing" is required to satisfy this burden.  *Envtl. Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1085 (2d Cir.1983); *see also Rosado v. Bowen*, 823 F.2d 40, 42 (2d Cir. 1987) (holding that the government must show that its action was justified in law and fact).  The Commissioner cannot prevail by arguing that he was substantially justified in some of the positions he took if he was not substantially justified on all the positions.  *Maxey v. Chater*, 1996 WL 492906, at *3

(N.D.N.Y. 1996) (citing *Myers v. Sullivan*, 916 F.2d 659, 666 n. 5 (11th Cir. 1990) (government must establish that all its litigation positions were substantially justified)).

In this case, plaintiff contends that defendant's position was not substantially justified. The instant motion is unopposed by the Secretary and therefore, lack of substantial justification is "impliedly admitted". *Livingston v. Sec. of Health and Human Servs.*, 1989 WL 122085, at *1 (W.D.N.Y. 1989).

Plaintiff requests an award in the amount of $5,429.13 for 30.9 hours of attorney work. When assessing whether to award attorney's fees to a prevailing party, a court has broad discretion to determine whether the amount of time an attorney has expended is reasonable. *Crudele v. Chater*, 1997 WL 198076, at *5 (S.D.N.Y. 1997) (citing *Aston v. Secretary of Health and Human Servs*, 808 F.2d 9, 11 (2d Cir. 1986)). The specific facts of each case determine what fee is appropriate. *Ferguson v. Apfel*, 2000 WL 709018, at *2 (E.D.N.Y. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)). District courts in the Second Circuit have held that, on average, an attorney spends twenty to forty hours on routine social security cases. *Cruz v. Apfel,* 48 F.Supp.2d 226, 231 (E.D.N.Y. 1999); *see also Grey v. Chater,* 1997 WL 12806, at *2 (S.D.N.Y. 1997); *Hogan v. Astrue*, 539 F.Supp.2d 680, 682 (W.D.N.Y. 2008).

In this case, defendant has not opposed the motion and therefore, does not specifically object to the reasonableness of the 30.9 hours allegedly expended by plaintiff's counsel. The time spent by counsel is within the acceptable range. As defendant has not taken issue with the amount or hourly rate, the Court will not engage in an analysis of the time spent or the billing rate.[2] *Martinez v. Astrue*, 2010 WL 890953, at *4 (N.D.N.Y. 2010). Accordingly, the Court awards attorneys' fees in the amount of $5,429.13.

---

[2] Plaintiff requested an hourly rate of $175.70.  Defendant does not object.

4

## IV. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED** that plaintiff's motion (Dkt. No. 14) for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, is **GRANTED** in the amount of $5,429.13, with the award to be made payable to plaintiff's counsel.[3]

**IT IS SO ORDERED.**

Dated: October 17, 2011

_____
Mae A. D'Agostino
U.S. District Judge

---

[3] On October 7, 2010, plaintiff executed an Assignment of Attorneys Fees. In the Assignment, plaintiff states that the payment of the EAJA fees should be made directly to his attorney. Defendant does not object to awarding the fees directly to plaintiff's attorney. (Dkt. No. 1).